```
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------X
FREDERICK RUFFIN, JR. and LORETTA           :
DONATELLI, Individually and on Behalf of All :   CIVIL ACTION:
Other Persons Similarly Situated,            :
                                             :
                    Plaintiffs,              :
                                             :    COMPLAINT
                                             :     AND
         -against-                           :    JURY DEMAND
                                             :
AVIS BUDGET CAR RENTAL, LLC and              :
AVIS RENT A CAR SYSTEM, LLC,                 :
                                             :
                    Defendants.              :
------------------------------------------------------------X
```

## INTRODUCTION

1. This action is brought on behalf of all "shift managers" and "preferred services managers" and individuals holding comparable positions with different titles employed by Avis Budget Car Rental LLC and Avis Rent a Car System, LLC ("Defendants" or "Avis") within the United States. Avis is one of the largest auto rental companies in the world. Avis has misclassified Plaintiffs and other similarly situated employees as exempt under federal and state overtime laws and failed to pay them for all hours worked by them as well as overtime pay for hours above 40 in a workweek.

## NATURE OF THE ACTION

2. Plaintiffs allege on behalf of themselves and other current and former shift managers, preferred services managers, and similarly situated current and former employees holding comparable positions with different titles, employed by Defendants in the United States, who elect to opt into this action pursuant to the Fair Labor Standards Act

1

("FLSA"), 29 U.S.C. §§ 216(b) (the "Collective Action Class"), that they are: (i) entitled to unpaid wages from Defendants for all hours worked by them as well as for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

3. Plaintiff Ruffin further complains, pursuant to Fed.R.Civ.P. 23, on behalf of himself and a class of other similarly situated current and former employees of the Defendants employed within the State of Missouri (the "Missouri Class"), that they are entitled to back wages from Defendants for all hours worked by them as well as for overtime work for which they did not receive overtime premium pay as required by Missouri Minimum Wage Law ("MMWL").

4. Plaintiff Donatelli further complains, pursuant to Fed.R.Civ.P. 23, on behalf of herself and a class of other similarly situated current and former employees of the Defendants employed within the State of Illinois (the "Illinois Class"), that they are entitled to back wages from Defendants for all hours worked by them as well as for overtime work for which they did not receive overtime premium pay as required by Illinois Minimum Wage Law, 820 Ill. Comp. Stat. §§ 115/1 *et seq.*, and the regulations promulgated thereunder, Illinois Administrative Code §§ 210.100 *et seq*. (collectively, "Illinois Wage Laws").

## JURISDICTION AND VENUE

5. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331.

6. This Court has jurisdiction over the Missouri and Illinois class claims pursuant to 28 U.S.C.§ 1332(d)(2)(A), the Class Action Fairness Act ("CAFA"). The

parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

7. Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

8. Plaintiffs' claims involve matters of national or interstate interest.

9. Defendants are subject to personal jurisdiction in New Jersey.

10. This Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, since they are so related to the FLSA claims that they form part of the same case or controversy.

11. Venue is proper in this district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District and because Defendants reside in this District.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

13. Plaintiff, Frederick Ruffin, Jr., was, at all relevant times, an adult individual, residing in University City, St. Louis County, Missouri.

14. Plaintiff, Loretta Donatelli, was, at all relevant times, an adult individual, residing in Paletine, Cook County, Illinois.

15. Plaintiff Ruffin, was employed by Defendants from March 2010 until September 2010, as a shift manager at Defendants' AVIS car rental facility located at Lambert-St. Louis International Airport. St. Louis, Missouri.

16. Plaintiff Donatelli, was employed by Defendants from 1995 to December 2008 in positions holding several titles, including preferred services manager, customer service manager and customer loyalty manager, at Defendants' AVIS car rental facility located at Chicago O'Hare International Airport.

17. Plaintiffs worked in excess of forty (40) hours per workweek, without receiving wages from Defendants for all hours worked, as well as overtime compensation as required by federal and state laws.

18. Upon information and belief, Defendant Avis Budget Car Rental, LLC, a Delaware limited liability company, is a wholly owned subsidiary of Defendant Avis Budget Group Inc. with its principal place of business at 6 Sylvan Way, Parsippany, New Jersey, 07054.  Defendant Avis Budget Car Rental, LLC operates approximately 2,200 rental locations that comprise the Avis car rental system, which is one of the largest car rental systems in the United States with locations at most of the largest airports and cities.

19. Upon information and belief, Defendant Avis Rent A Car System, LLC, a Delaware limited liability company, is a wholly owned subsidiary of Defendant Avis Budget Car Rental, LLC.

20. Defendants were and are doing business in New Jersey, including at 6 Sylvan Way, Parsippany, New Jersey; Newark Liberty International Airport, Newark, New Jersey and several other locations in the State of New Jersey.

**COLLECTIVE ACTION ALLEGATIONS**

21. Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in the United States at any time since February 24th, 2008 to the entry of

judgment in this case (the "Collective Action Period"), as shift managers, preferred services managers, and other comparable positions with different titles (including but not limited to customer service managers and customer loyalty managers), who were non-exempt employees within the meaning of the FLSA, who did not receive compensation for all hours worked by them and did not receive any overtime (the "Collective Action Members").

22. This Collective Action Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is dependent, are presently within the sole control of the Defendant, upon information and belief, there are at least 250 members of the Collective Action class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

23. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation. Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

24. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the

wrongs done to them. There will be no difficulty in the management of this action as a collective action.

25. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiffs and other Collective Action Members are:

  a. whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

  b. whether the Defendants misclassified the Collective Action Members as exempt under the FLSA;

  c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

  d. whether Defendants failed to pay the Collective Action Members for all of the hours worked by them as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

  e. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and

  f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

26. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## MISSOURI CLASS ALLEGATIONS

27. Plaintiff Ruffin sues on behalf of himself and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

28. Plaintiff Ruffin brings his Missouri State Law claim on behalf of all persons who were employed by Defendants at any time since February 24th, 2009, in the State of Missouri, to the entry of judgment in this case (the "Missouri Class Period"), who were classified by Defendants as shift managers and/or other comparable positions with different titles, who were non-exempt employees within the meaning of the Missouri Minimum Wage Law and who have not been paid for all hours worked by them as well as overtime wages in violation of the MMWL, Mo. Rev. Stat. § 290.505 (the "Missouri Class").

29. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number rely are presently within the sole control of the Defendants, upon information and belief, there are at least 100 members of the Missouri Class during the Missouri Class Period.

30. The claims of Plaintiff Ruffin are typical of the claims of the Missouri Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

31. Defendants have acted or refused to act on grounds generally applicable to the Missouri Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Missouri Class as a whole.

32. Plaintiff Ruffin is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

33. Plaintiff Ruffin has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Missouri Class.

34. There are questions of law and fact common to the Missouri Class which predominate over any questions solely affecting the individual members of the Missouri Class, including but not limited to:

   a. whether the Defendants employed the members of the Missouri Class within the meaning of the MMWL;

   b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   c. whether Defendants failed and/or refused to pay the members of the Missouri Class for all of the hours worked by them, as well as premium pay for hours worked in excess of forty hours per workweek, or eight hours per day, in violation of applicable provisions of MMWL, including statutory and regulatory authority;

   d. whether Defendants' policy and practice of classifying the Missouri Class members as exempt from overtime entitlement under the MMWL and Defendant's policy and practice of failing to pay overtime to the Missouri Class members violate applicable provisions of Missouri law, including statutory and regulatory authority;

    e. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

    f. whether Defendants should be enjoined from such violations of the MMWL in the future.

## ILLINOIS CLASS ALLEGATIONS

35. Plaintiff Donatelli sues on behalf of herself and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

36. Plaintiff Donatelli brings her Illinois State law claim on behalf of all persons who were employed by Defendants at any time since February 24th, 2008, in the State of Illinois, to the entry of judgment in this case (the "Illinois Class Period"), who were classified by Defendants as shift managers, preferred services managers and/or other comparable positions with different titles (including but not limited to customer service managers and customer loyalty managers), who were non-exempt employees within the meaning of the Illinois Wage Laws and who have not been paid for all hours worked by them as well as overtime wages in violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. §§ 115/1 *et seq.*, and the regulations promulgated thereunder, Illinois Administrative Code §§ 210.100 *et seq.* (the "Illinois Class").

37. The persons in the Illinois Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculations of that number rely are presently within the sole control of the Defendants, upon information and belief, there are at least 100 members of the Illinois Class during the Illinois Class Period.

38. The claims of Plaintiff Donatelli are typical of the claims of the Illinois Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

39. Defendants have acted or refused to act on grounds generally applicable to the Illinois Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Illinois Class as a whole.

40. Plaintiff Donatelli is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

41. Plaintiff Donatelli has the same interests in this matter as all other Members of the class and Plaintiff's claims are typical of the Illinois Class.

42. There are questions of law and fact common to the Illinois Class which predominate over any questions solely affecting the individual members of the Illinois Class, including but not limited to:

   a. whether the Defendants employed the members of the Illinois Class within the meaning of Illinois Wage Laws;

   b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   c. whether Defendants failed and/or refused to pay the members of the Illinois Class for all of the hours worked by them, as well as premium pay for hours worked in excess of forty hours per workweek, or eight

hours per day, in violation of applicable provisions of Illinois Wage Laws, including statutory and regulatory authority;

d. whether Defendants' policy and practice of classifying the Illinois Class members as exempt from overtime entitlement under Illinois Wage Laws and Defendant's policy and practice of failing to pay overtime to the Illinois Class members violate applicable provisions of Illinois Wage Laws, including statutory and regulatory authority;

e. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

f. whether Defendants should be enjoined from such violations of the Illinois Wage Laws in the future.

## STATEMENT OF FACTS

43. Defendants operate one of the largest car rental systems in the world, with AVIS locations at most of the largest airports and cities in the United States and internationally, including within the State of New Jersey.

44. Plaintiffs' principal duties included but were not limited to, cleaning cars, moving cars around the parking lot, checking inventory, renting cars, and/or installing child car seats.

45. Plaintiffs' duties did not include the hiring and firing of employees and they had none or little input into hiring or firing decisions.

46. Plaintiffs' work was performed for the benefit of the Defendants, in the normal course of the Defendant's business and was integrated into the business of the Defendants.

47. The work performed by Plaintiffs required little skill and no capital investment. Their duties did not principally include managerial responsibilities or the exercise of independent judgment. Rather, they involved many non-managerial duties identical to those performed by non-exempt employees entitled to overtime.

48. Plaintiffs were required to work in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiffs for all hours worked by them, as well as overtime compensation of one and one-half times their regular rate of pay in violation of the FLSA and applicable provisions of state law, including statutory and regulatory authority. Upon information and belief, it is Defendants' uniform policy and procedure not to pay all similarly situated employees for all hours worked by them, as well as overtime compensation.

49. Upon information belief, throughout the Collective Action Period and the Missouri and Illinois Class Periods and continuing until today, Defendants have likewise employed other individuals, like the Plaintiffs (the Collective Action Members and Missouri and Illinois Class Members) in positions such as shift managers, preferred services managers and other comparable positions with different titles, that require little skill and no capital investment and their duties and responsibilities do not principally include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

12

50. Such individuals have worked in excess of 40 hours a week, yet Defendants have likewise willfully failed to pay them for all hours worked as well as overtime compensation of one and one-half times their regular rate of pay in violation of the FLSA and applicable provisions of the Missouri Minimum Wage Law and Illinois Wage Laws, including statutory and regulatory authority. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of Defendants and can be ascertained through appropriate discovery.

51. Upon information and belief, throughout all relevant time periods, while Defendants employed Plaintiffs, the Collective Action Members, and Missouri and Illinois Class Members, Defendants failed to maintain accurate and sufficient time records.

## FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

52. Plaintiffs, on behalf of themselves and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 26 and 43 through 51 as if they were set forth again herein.

53. At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

54. At all relevant times, Defendants employed Plaintiffs, and employed or continue to employ, each of the Collective Action Members within the meaning of the FLSA.

55. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

56. Each Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

57. At all relevant times, Defendants had a policy and practice of refusing to pay for all hours worked, as well as pay overtime compensation to their shift managers, preferred services managers and similarly situated employees in comparable positions but having different titles, for hours worked in excess of forty hours per workweek.

58. As a result of Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, as well as for all hours worked by them, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

59. As a result of Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

60. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

61. Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled to recover from Defendants, their unpaid wages for all of the hours worked by them, as overtime compensation, an additional, equal amount as liquidated damages for Defendants willful violations of the FLSA and for their

unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF: VIOLATIONS OF MISSOURI MINIMUM WAGE LAW

62. Plaintiff Ruffin, on behalf of himself and the members of the Missouri Class, realleges and incorporates by reference paragraphs 1 through 20, 27 through 34 and 43 through 51 as if they were set forth again herein.

63. At all relevant times, Plaintiff Ruffin and the members of the Class were employed by Defendants within the meaning of the Missouri Minimum Wage Law.

64. Defendants willfully violated Plaintiff Ruffin's rights and the rights of the Class, by failing to pay them for all hours worked, as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of applicable provisions of the MMWL.

65. Defendants' violations of Missouri Law have caused Plaintiff Ruffin and the Class irreparable harm for which there is no adequate remedy at law.

66. Due to Defendants' Missouri Minimum Wage Law violations, Plaintiff Ruffin and the Missouri Class are entitled to recover from Defendants their unpaid wages for all hours worked, overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to statute and other applicable law.

## THIRD CLAIM FOR RELIEF:
## <u>VIOLATIONS OF ILLINOIS WAGE LAW</u>

67. Plaintiff Donatelli, on behalf of herself and the members of the Illinois Class, realleges and incorporates by reference paragraphs 1 through 20 and 35 through 51 as if they were set forth again herein.

68. At all relevant times, Plaintiff Donatelli and the members of the Illinois Class were employed by Defendants within the meaning of the Illinois Wage Law.

69. Defendants willfully violated Plaintiff Donatelli's rights and the rights of the Class, by failing to pay them for all hours worked, as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of applicable provisions of the Illinois Wage Law.

70. Defendants' violations of Illinois Law have caused Plaintiff Donatelli and the Illinois Class irreparable harm for which there is no adequate remedy at law.

71. Due to Defendants' Illinois Wage Law violations, Plaintiff Donatelli and the Illinois Class are entitled to recover from Defendants their unpaid wages for all hours worked, overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to statute and other applicable law.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members, Plaintiff Ruffin on behalf of himself and all other similarly situated members of the Missouri Class, and Plaintiff Donatelli on behalf of herself and all other similarly situated members of the Illinois Class respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of the claims asserted in this action under Section 216(b) of the FLSA, permitting them to assert timely Section 216(b) FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members and tolling of the statue of limitations;

b. Certification of the Missouri state law claim as a class claim pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff Ruffin and his counsel to represent the Class;

c. Certification of the Illinois state law claim as a class claim pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff Donatelli and her counsel to represent the Class;

d. A declaratory judgment that the practices complained of herein in the First, Second, and Third Claims for Relief are unlawful under the FLSA and relevant Missouri and Illinois State Law, respectively;

    e.    Injunctions pursuant to Missouri and Illinois State Law against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein in the Second and Third Claims for Relief;

    f.    An award of unpaid wages for all hours worked as well as overtime compensation due under the FLSA and applicable Missouri and Illinois Law; and

    g.    An award of statutory, liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216, Mo. Rev. Stat. § 290.527 and Illinois Wage Laws.

Wherefore, Plaintiffs request that this Court grant the following relief with regard to all of the Claims asserted herein:

    a.    An award of prejudgment and post-judgment interest;

    b.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    c.    Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated: February 24, 2011
       Rye Brook, New York

By: /s Seth R. Lesser
Seth R. Lesser
Jeffrey A. Klafter
Fran L. Rudich
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200
www.klafterolsen.com

Jeffrey M. Gottlieb
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone: (212) 228-9795

**ATTORNEYS FOR PLAINTIFFS**